CASE 6—PETITION EQUITY—JULY 2.

# Maiders vs. Culver's assignee, &c.

### APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Where a debtor makes a fraudulent transfer of property, the right which any creditor has to set aside the fraudulent transfer, is not taken away by a subsequent assigment by the debtor of all his property for the benefit of all his creditors. (10 *Paige*, 219 ; 6 *Barb. Sup. Court Rep.*, 91.)

2. The right to set aside such fraudulent transfer does not pass by the subsequent assignment. The assignee takes no claim under that assignment which the assignor could not enforce.

HARRISON & BENNETT, for appellant, cited 1 *Rev. Stat.*, 546 ; 4 *Johns. Chy.*, 459 ; 5 *Litt.*, 351 ; 7 *Dana*, 495 ; 5 *Watts and S.*, 145 ; 9 *Iredell*, 382 ; 11 *Ala.*, 880 ; 2 *Barb.*, 475 ; 4 *Sanford's Ch.*, 498 ; 6 *Johns. Ch.*, 437 ; 4 *Wheat.*, 500 ; 5 *Johns.*, 335, 345 ; 2 *Caines*, 327 ; 10 *N. H.*, 458 ; 10 *Paige*, 210 ; 1 *Litt.*, 298 ; 2 *B. M.*, 156 ; 4 *B. M.*, 462 ; 4 *Dana*, 253 ; 1 *Met.*, 350 ; 9 *B. Mon.*, 514.

G. A. & J. CALDWELL, for appellees, cited 17 *B. M.*, 42 ; 4 *Johns. Ch.*, 450 ; 7 *B. M.*, 95.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT :

On the 5th of October, 1857, William E. Culver conveyed to Henry Dent, in trust for the benefit of his creditors (of whom appellant is one), a very considerable amount of real estate,

three slaves named, and considerable personalty, *choses in action, &c.*

Some months after the making said deed by Culver, Pennebaker, a creditor of Culver, filed his petition in the Louisville chancery court against Dent and others, to foreclose the trust, and for other relief not necessary to be particularly named in this controversy.

On the 18th of June, 1858, an amended petition was filed, by which Maiders, the appellant, was made a defendant in the suit. He answered, alleging that he had recovered a judgment against Culver for a debt due to him amounting to $975, with interest from the 5th of November, 1857, until paid, and $9 18 costs, upon which he had caused an execution to issue, directed to the proper officer, and the same had been by him returned no property found. His debt was then due and unpaid, and Culver was insolvent.

He alleges that, a short time before Culver failed, he purchased a house and lot of one Gamble, in the city of Louisville, at the price of $5,000, for his daughter, Mrs. Symmes; $1,666 66 of the price Culver had paid to Gamble, and his son-in-law, A. L. Symmes, and wife, were in possession of the estate thus purchased. He furthermore alleges that, a short time before his failure, Culver gave to his said son-in-law, or his daughter, Mrs. Symmes, two slaves, who were also in possession of Symmes and wife; that at the time of the payment of the money to Gamble for the house and lot, and the gift of the slaves to Mrs. Symmes, Culver was unable to pay his debts; and that the pretended gift of said slaves and payment of said sum of money, as advancements to his said daughter, were made and done in fraud of the rights of said appellant. He makes his answer a cross-petition against Culver, Symmes, and wife, and Dent, the trustee, and asks that the slaves may he sold, and also the house and lot, and the proceeds, or so much thereof as may be necessary for the purpose, be applied to the payment of his debt.

Symmes and wife resisted the relief sought against them, denied the insolvency of Culver at the time said advancements were made, and insist that they should not be disturbed in the

enjoyment of the property advanced to Mrs. Symmes by her father, whose circumstances at the time authorized him to make the advancements.

Dent, the trustee, in his answer, reiterates the charge of fraud against Culver, &c., and claims that the slaves and money paid on the house and lot passed by the deed to him for the benefit of the general creditors.

In November, 1862, appellant sued out a general attachment against the property of Culver, and had the same levied on the house and lot and the two slaves which he was seeking to subject to the payment of his debt.

A portion of the lot had been sold to pay the unpaid purchase money to Gamble, and the remainder thereof and the two slaves, were ordered to be sold by the chancellor, and the proceeds, after paying the costs of appellant in prosecuting his cross-suit against Symmes and others, including an attorney's fee, were adjudged to the creditors of Culver *pro rata;* and from the judgment distributing the fund *pro rata* to the creditors, Maiders has appealed. The judgment cannot be sustained.

In *Brownell vs. Curtis,* 10 *Paige,* 219, it was decided that where an insolvent debtor makes a fraudulent transfer of his property he cannot, by an assignment, wholly voluntary, take away the right of his creditors generally to set aside such fraudulent transfer, and transfer that right to his own assignee for the benefit of preferred creditors, or of all his creditors equally.

According to this decision, the right of appellant to set aside the fraudulent transfer of the money and slaves for the benefit of his daughter, was not taken away by the deed of Culver to Dent.

This doctrine is recognized, and the case *supra* referred to, and approved, in *Browning vs. Hart,* 6 *Barb. Sup. Court. Rep.,* *p.* 91.

In *Leach vs. Kelsey,* 7 *Bar. S. C. Rep.,* 470, the court said: "The only grounds relied on by the appellant's counsel, are—

"1st. That the plaintiff cannot maintain this action, inasmuch as it appears that, after the sale, and before the com-

mencement of this suit, Kelsey had made a general assignment in favor of all his creditors. It is supposed that this claim passed by the assignment, and can only be asserted by the assignee. This is a mistake. The general assignee takes no claim which the assignor could not enforce. His title is derivative merely; and the assignor would be estopped from asserting his own fraud in a suit against his fraudulent vendee." And adds: "The case of *Brownell vs. Curtis* (10 *Paige*, 210) is decisive upon this point."

The same principle is asserted in *Burrill on Assignments, p. 332*, and must be regarded as authoritatively settled.

Wherefore, the judgment is reversed, and the cause remanded, with directions to render a judgment in favor of appellant for his entire debt, interest and costs be paid out of the proceeds of the sales of the property.

On the cross-appeal of Symmes the judgment is affirmed.